## No. 26951

**Thomas W. Bennett, Karl E. Carson, E. H. Frink, Jr., Jack A. Harvey, J. Morris Howell, Daniel M. Ogden, Jr., Robert W. Sears and Charles N. Shepardson v. City of Fort Collins, a Municipal corporation, J. W. N. Fead, Charles Bowling, Nancy Gray, Mabel E. Preble, Margaret Reeves, Jack E. L. Russell and Earl Wilkinson, as members of the City Council of the City of Fort Collins; Verna Lewis, City Clerk, Mary E. Greenwall and Myrna J. Hill, as members of the Board of Elections for the City of Fort Collins; and William M. (Andy) Anderson**

(544 P.2d 982)

Decided January 26, 1976.

Allen, Mitchell, Rogers and Metcalf, Jack D. Vahrenwald, for plaintiffs-appellants.

March, March, Sullivan & Myatt, Arthur E. March, Jr., for defendants-appellees.

Gandy & Roberts, H. Conway Gandy, for defendant-appellee William M. (Andy) Anderson.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The people of the City of Fort Collins by vote at an election on May 23, 1972 amended the City Charter to require that the City Manager be elected by popular vote of the residents of the City. The City Council, in compliance with that provision, then set an election for April of 1975.

Plaintiffs, who are taxpayers and qualified electors in Fort Collins, thereupon filed a declaratory judgment suit in the Larimer County District Court against the City and its officials and William Anderson asserting that the charter amendment was unconstitutional. They sought a judicial determination of the validity of the amendment, as well as an injuntion against holding the scheduled election.

All of the defendants except Anderson filed an answer stating their belief that the charter amendment was unconstitutional. The defendant Anderson moved to dismiss the action on the grounds that since the City had agreed that the charter amendment was unconstitutional there was no

justiciable controversy between the plaintiffs and the necessary parties defendant. The plaintiffs and the City resisted the motion, contending that although they believed the amendment to be unconstitutional, the city officials could not, in the absence of a judicial determination, refuse to hold the election provided for in the amendment. The trial court, nevertheless granted the motion to dismiss. This was error.

In the first place, the trial court was incorrect in holding that no issue remained after the City agreed that the charter amendment was unconstitutional. The plaintiffs requested not only a determination that the amendment was invalid, but also sought an injunction against holding the election provided for in the amendment. The City had refused to vacate the election, maintaining that it had no power to do so until a court so ordered. There was, therefore, a justiciable controversy before the court as contemplated by the Declaratory Judgment Act. *See* C.R.C.P. 57(b).

The court in such a case must make a judicial determination of the validity or invalidity of the charter amendment as requested by the litigants seeking the declaratory judgment. The fact that a party confesses judgment in part or in whole does not automatically lead to judgment as prayed for by the plaintiffs. *See,* C.R.C.P. 57(b); *General Motors Corporation v. Blevins,* 144 F.Supp. 381 (D.Colo. 1956). Nor is confession of error grounds for dismissal where the constitutionality of a public enactment is concerned.

The judgment is reversed and the cause is remanded to the district court with instructions to permit Anderson to file an answer, if he should so desire, within the time set by the trial court. The trial court is further directed to allow any proper party to intervene within the time limit set by the trial court, should they wish to do so. The trial court shall then proceed to determine the matter on its merits.